# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

WELLS FARGO BANK, N.A.,

:      Case No. 3:07-cv-223

        Plaintiff,

  -vs-

:      Chief Magistrate Judge Michael R. Merz

DAVID LAUGHLIN, et al.,

        Defendants.

:

## DECISION AND ORDER STRIKING MOTION FOR RECONSIDERATION

This case is before the Court on Plaintiff's Motion for Reconsideration of Plaintiff's Motion for Summary Judgment (Doc. No. 38). While Plaintiff labels its motion as one for reconsideration, it is in fact a second motion for summary judgment, supported by evidence which was not submitted with the first Motion for Summary Judgment.

A Preliminary Pretrial Order was entered in this case on November 23, 2007 (Doc. No. 26). Therein the Court set a deadline for filing motions for summary judgment of February 15, 2008, and a trial date of April 14, 2008. *Id*. Almost a month after the summary judgment filing deadline, Plaintiff sought and was granted leave to file a summary judgment motion (Doc. Nos. 29, 32).

On May 2, 2008, the Court denied the Motion for Summary Judgment because it was supported by the Affidavit of Jeanelle Gray which "obviously does not satisfy the requirements of Fed. R. Civ. P. 56(e)." (Decision and Order, Doc. No. 37).

As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Meekison v. Ohio Dept. Rehab.*

*& Corr.*, 181 F.R.D. 571 (S.D. Ohio 1998)(Marbley, J.), citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985).  Plaintiff's Motion, considered under this standard, is clearly lacking.  It does not cite, or even claim, manifest error of law.  The evidence now attached to the Motion is plainly evidence which was available to Plaintiff at the time the initial Motion was filed.  Finally, no intervening authority is invoked.

Federal district courts plainly have the authority under Fed. R. Civ. P. 16, indeed the responsibility, to set deadlines for summary judgment practice.  This Court did so, and then extended that deadline substantially to enable Plaintiff to file its first Motion.  The Court has not been shown good cause to extend the time again.

Since the Motion for Reconsideration is in effect a second motion for summary judgment and was filed after the dispositive motion deadline and without court permission, it is STRICKEN.  June 25, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge