**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2003-6 Asset-Backed Certificates, Series 2003-6** | **Case No. 3:07-cv-223** |
| **Plaintiff,** | **Magistrate Judge Michael R. Merz** |
| **vs.** | |
| **David Laughlin aka David L. Laughlin, et al.** | **CONSENT JUDGMENT ENTRY AND DECREE IN FORECLOSURE** |
| **Defendants.** | |

The Court makes the following findings and reaches the following conclusions of law based on the complaint filed by Plaintiff, the answer and pleadings filed in this action, and the express agreement of Plaintiff and Defendants David Laughlin and Donna Laughlin to the findings of facts and legal conclusions contained herein. Plaintiff and Defendants David Laughlin and Donna Laughlin further expressly agree that Plaintiff waives any deficiency judgment for sums exceeding the amount of sale proceeds and that Plaintiff will bear property preservation expenses from the date of this Entry to transfer of the deed following sale.

The real property that is the subject of this foreclosure action (the "Property") is as follows:

> Situated in the City of Centerville, County of Montgomery, and State of Ohio: Situate in the City of Centerville, County of Montgomery and State of Ohio, and being Lot Numbered 305 Son Development Co. Plat No. 3, Section 2, as recorded in Plat Book "ZZ", Pages 69 and 70, of the Plat Records of Montgomery County, Ohio.

The Court has reviewed the Complaint, the Answer filed by David Laughlin and Donna

Laughlin, and all evidence submitted, including the affidavit submitted by Plaintiff regarding account, competency and military status ("Plaintiff's Affidavit"). The Court finds that there are no genuine issues of material fact and that Plaintiff is entitled to judgment in its favor as a matter of law.

The Court acknowledges Mortgage Electronic Registration Systems, Inc., and Citifinancial, Inc., have been served with a Summons and Complaint but are in default for failure to file an Answer or other responsive pleading. As a result, with respect to such defendants, the Court hereby enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

The Court finds that State of Ohio Department of Taxation has filed a disclaimer of interest, disclaiming all right to, interest in or title to the subject Property. As a result, this defendant is forever barred from asserting an interest in the Property.

The Court finds that David Laughlin and Donna Laughlin executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that David Laughlin and Donna Laughlin executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the

equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due to Plaintiff on the Note principal in the amount of $122,686.72 plus interest on the principal amount at the rate of 9.5% per annum from March 1, 2007. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

The Court finds Defendants Laughlin filed a Chapter 13 bankruptcy in the Southern District of Ohio under case number 08-34692, in which they expressly surrender the subject property. Plaintiff has sought and obtained relief from the bankruptcy stay and Defendants' Chapter 13 plan has been confirmed by the bankruptcy Court.

The Court finds that Plaintiff has agreed to not seek a deficiency judgment against the Defendants David Laughlin aka David L. Laughlin and Donna Laughlin aka Donna J. Laughlin for any deficiency balance resulting from the sale of the Property and the Court thereby enters no personal judgment against Defendants Laughlin, but only a finding of default on the Promissory Note.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the Property. The Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to

other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action subject to redemption by Defendant pursuant to Ohio Rev. Code § 2329.33. In addition, an order of sale shall issue to the Special Master, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Montgomery County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

**DATE:** July 7, 2009

Michael R. Merz
UNITED STATES DISTRICT MAGISTRATE JUDGE

AGREED:

/s/ Kevin L. Williams
Kevin L. Williams (0061656)
Manley Deas Kochalski LLC
P. O. Box 165028

Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: klw@mdk-llc.com
Attorney for Plaintiff

______________________________

David Laughlin
Borrower, Pro Se
306 Monarch Rd.
Dayton, OH 45458

______________________________

Donna Laughlin
Borrower, Pro Se
306 Monarch Rd.
Dayton, OH 45458

David Laughlin
Borrower, Pro Se
306 Monarch Rd.
Dayton, OH 45458

Donna Laughlin
Borrower, Pro Se
306 Monarch Rd.
Dayton, OH 45458